IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL ALEXANDER,  # 24771-044,

      Petitioner,

  vs.

JAMES CROSS, JR.,

      Respondent.      Case No. 13-cv-00278-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner Carl Alexander, currently incarcerated in the Greenville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction.

    Alexander was initially indicted in November 2003 for being part of a drug conspiracy beginning at least as early as 2000; a superseding indictment was filed in April 2004, expanding the time frame of the conspiracy to include events as early as 1997.  Ultimately, Alexander was convicted of Conspiracy to Possess with Intent to Distribute Cocaine and Phencyclidine (21 U.S.C. §§ 841(a)(1) and 846); Engaging in Monetary Transactions in Property Derived from Unlawful Activity (18 U.S.C. § 1957(a)); and Conspiracy to Commit Wire Fraud (18 U.S.C. § 371). *United States of America v. Carl Alexander*, No. 03-cr-00695-ERW (E.D.Mo. judgment Apr. 8, 2005).  Alexander's conviction was affirmed on direct appeal. *United States of America v. Carl Alexander*, No. 05-2092 (8th Cir. 2006).  The

present petition acknowledges that Alexander sought relief under 28 U.S.C. § 2255, to no avail.

Alexander premises his Section 2241 petition upon *Smith v. United States*, __U.S.__, 133 S.Ct. 714 (Jan. 9, 2013), wherein the Supreme Court declared that, in order to warrant a complete affirmative defense to a conspiracy charge, it is a defendant's burden to prove withdrawal from the conspiracy outside the statute of limitations period. Alexander contends that his limited involvement in the conspiracy, as well as his withdrawal from the conspiracy, occurred before November 1997, outside the applicable five-year statute of limitations period. He also asserts that he is actually innocent of the offense(s).[1]

Section 2241 is the appropriate means by which to challenge the execution of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003);*Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Section 2241 also cannot be used to circumvent the successive petition certification procedure (28 U.S.C. § 2244). *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). However, Section 2241 may be used to attack a conviction or sentence *if* Section 2255 is "inadequate or ineffective" to test the legality of detention. 28 U.S.C. § 2255, ¶ 5; *Unthank v. Jett,* 549 F.3d 534, 535 (7th Cir. 2008) (quoting § 2255(e)). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for

---

[1] In *Smith*, the Supreme Court observed that the affirmative defense of withdrawal presupposes that the defendant committed the offense. S*mith*, 133 S.Ct. at 716-717.

judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d at 611. "A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first [Section] 2255 motion." *Id.*

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Although the Court is extremely skeptical of the procedural premise upon which Alexander's petition rests, because the new *Smith* decision has not been addressed relative to Section 2241, the petition will survive preliminary review under Rule 4.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 8th day of April, 2013.

David R. Herndon
2013.04.08
14:26:29 -05'00'

**Chief District Judge**