IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL ALEXANDER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-278-CJP[1] |
| | ) |
| **JAMES CROSS, JR.,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Carl Alexander's petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is now before the Court.

In December, 2004, a jury in the Eastern District of Missouri convicted petitioner of conspiracy to possess with intent to distribute cocaine and phencyclidine (PCP) in violation of 21 U.S.C. §§841(a)(1) and 846, conspiracy to commit wire fraud in violation of 18 U.S.C. §371, and engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. §1957(a). He was sentenced to concurrent terms of 240 months, 120 months and 60 months. See, *Carl Alexander v. United States*, Case No. 07-2103-ERW, Doc. 18 (E.D. Mo., May 20, 2009), order denying motion under 28 U.S.C. §2255. He now argues that he is entitled to habeas relief on the drug conspiracy count because he withdrew from the conspiracy more than five years before he was

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 18.

indicted, and prosecution was therefore barred by the statute of limitations.

Respondent argues that petitioner is precluded from bringing a §2241 petition because this claim does not rely on a new rule of law.

### Relevant Facts and Procedural History

Petitioner raised a statute of limitations defense on direct appeal. The Eighth Circuit disposed of his argument in one sentence. "Having reviewed the statute of limitations argument raised in Alexander's *pro se* supplemental brief, we conclude that it is without merit and warrants no further discussion." *United States v. Johnson, et al.*, 450 F.3d 366, 376 (8th Cir. 2006).

Alexander filed a motion under 28 U.S.C. §2255 in the Eastern District of Missouri raising claims of ineffective assistance of counsel, use of perjured testimony by the government and invalidity of the indictment. That motion was denied on May 20, 2009. *Carl Alexander v. United States*, Case No. 07-2103-ERW, Doc. 18 (E.D. Mo., May 20, 2009). Petitioner did not file an appeal.

### Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is

ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he

could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

### Analysis

Petitioner recognizes that, in order to show that §2255 is inadequate or ineffective to test the legality of his detention, he must show that he relies on a new legal theory that he could not have presented in a motion under §2255. He argues that he relies on a new rule of law announced in *Calvin Smith v. United States*, 133 S. Ct. 714 (2013). As he reads *Smith*, the Supreme Court announced a new rule placing the burden on the defendant to prove his affirmative withdrawal from a drug conspiracy. See, Doc. 1, pp. 2-3.

*Smith* does not entitle Alexander to bring a claim under §2241. The Supreme Court in that case was concerned with the allocation of the burden of proof on a defense of withdrawal from a conspiracy, i.e., whether the defendant

bears the burden to prove withdrawal, or whether government bears the burden of proving failure to withdraw. Resolving a circuit split on that narrow issue, the Court concluded that the defendant bears the burden. *Smith*, 133 S. Ct. at 718-719.

*Smith* does not help petitioner because the Court in *Smith* was not recognizing for the first time that withdrawal beyond the limitations period is a defense to a conspiracy charge. See, e.g., *Pinkerton v. United States,* 66 S.Ct. 1180, 1183-1184 (1946), cited at *Smith*, 133 S. Ct. at 719. Petitioner himself cites *United States v. Grimmett*, 236 F.3d 452, 453 (8th Cir. 2001), in which the Eighth Circuit noted that "The limitations period begins when a conspirator withdraws from a continuing conspiracy." The Eighth Circuit cited *Hyde v. United States*, 32 S.Ct. 793 (1912), in support of that proposition, demonstrating that the argument advanced by petitioner long predated his conviction.

The argument that Alexander withdrew from the conspiracy more than five years before indictment has been available to him from the beginning. He failed to raise the defense in the trial court, but did raise it on direct appeal. See, Doc. 13, pp. 4-5, quoting the government's brief responding to Alexander's statute of limitations point on direct appeal. The fact that the Supreme Court has now clarified that it is the defendant who bears the burden of proving withdrawal in no way entitles him to a second shot at establishing the defense. The failure to present a defense that has been available from the beginning does not mean that §2255 is inadequate or ineffective. *Webster v. Caraway*, 761 F.3d 764, 767 (7th

Cir. 2014).

Alexander suggests that he was unable to raise his statute of limitations defense earlier because the record was not fully developed. However, the failure to present the evidence to establish the defense at trial does not mean that the legal theory was unavailable to petitioner. Therefore, *Davenport* does not apply. *Webster, supra.*

Petitioner's argument could be construed as raising a claim that he has new evidence to establish withdrawal from the conspiracy. New evidence might present grounds for seeking permission under §2255(h) to file a successive §2255 motion. New evidence does not, however, entitle petitioner to bring a §2241 petitioner in this district.

Lastly, the Court notes petitioner's argument that he is actually innocent within the meaning of *Schlup v. Delo*, 115 S.Ct. 851 (1995). *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here. First, *McQuiggin* held that the petitioner must still meet the "demanding" standard of *Schlup v. Delo*, 115 S.Ct. 851 (1995), which petitioner here cannot do. *McQuiggin*, 133 S. Ct. at 1936. Further, the impediment to Alexander's §2241 petition is not that it was not timely-filed; it is that he does not meet the substantive *Davenport* criteria for bringing a §2241 petition.

## Conclusion

Carl Alexander's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATE:   October 2, 2014.


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**